**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NICHOLAS YINGLING, derivatively on behalf of Nominal Defendant REDWIRE CORPORATION,

Plaintiff,

v.

PETER CANNITO, LES DANIELS, REGGIE BROTHERS, JOANNE ISHAM, KIRK KONERT, JONATHAN E. BALIFF, JOHN S. BOLTON, and WILLIAM READ,

Defendants,

and

REDWIRE CORPORATION,

Nominal Defendant.

Case No. 3:24-CV-01172-TJC-LLL

**ORDER AND FINAL JUDGMENT**

A hearing having been held before this Court on July 30, 2026 (the record of which is incorporated by reference), and pursuant to the Court's order of June 8, 2026 (the "Preliminary Approval Order"), upon the Stipulation of Settlement dated February 26, 2026 ("Stipulation"), entered into between and among the Settling Parties, which is incorporated by reference[1], and upon Plaintiff's Unopposed Motion for Final Approval of Settlement and Attorneys' Fees and Expenses (Doc. 52), it appearing that due notice of the hearing has been given to Redwire stockholders in accordance with the Preliminary Approval Order, the Settling Parties having appeared through their respective attorneys of record, the Court having heard and considered evidence in support of the proposed Settlement, the attorneys for the Settling Parties having been heard, an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order, the Court having determined that notice to Redwire stockholders was adequate and sufficient, and the entire matter of the proposed Settlement having been heard and considered by the Court, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Court has jurisdiction over the subject matter of the Derivative Action, and all matters relating to the Settlement of the Derivative Action, as well

[1] Unless otherwise defined, all capitalized terms contained herein not otherwise defined shall have the meanings as set forth in the Stipulation.

as personal jurisdiction over the Settling Parties and all Redwire shareholders, and it is further determined that Plaintiff, the Settling Defendants, the Company, and all Redwire shareholders, as well as their respective heirs, executors, successors, and assigns, are bound by this Order.

2. Notice has been given to all Redwire shareholders, pursuant to and in the manner directed by the Preliminary Approval Order, proof of dissemination of the Settlement Notice has been filed with the Court, and full opportunity to be heard has been offered to all Settling Parties and to all other persons and entities with an interest in matters relating to the Settlement. The form and manner of the Settlement Notice is hereby determined to have provided due and sufficient notice of the Settlement and to have been given in full compliance with the requirements of Rule 23.1 and due process. The July 30, 2026 hearing was held in open court, with counsel permitted to appear remotely. No shareholder appeared wishing to be heard, and no objections were filed with the Court or the parties.

3. Based on the record before the Court, each of the provisions of Rule 23.1 has been satisfied and the Derivative Action has been properly maintained according to the provisions of Rule 23.1.

4. The Settlement is found to be fair, reasonable, adequate, and is hereby approved pursuant to Rule 23.1. The Settling Parties are hereby authorized and

directed to comply with and to consummate the Settlement in accordance with its terms and provisions.

5. Plaintiff's Unopposed Motion for Final Approval of Settlement and Attorneys' Fees and Expenses (Doc. 52) is **GRANTED** and this Derivative Action is hereby dismissed with prejudice.

6. The Court hereby dismisses the Derivative Action with prejudice as to the Released Parties. The Parties in the Derivative Action shall bear their own fees, costs, and expenses, except as otherwise provided in Paragraph 10 below or as otherwise provided in the Stipulation or the Preliminary Approval Order.

7. Upon the Effective Date, Plaintiff and Redwire, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged and dismissed with prejudice each and every one of the Released Claims against the Released Persons.

8. Upon the Effective Date, Plaintiff (acting on his own behalf and derivatively on behalf of Redwire and its stockholders), and Redwire, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims against any of the Released

Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. Upon the Effective Date, each of the Released Persons, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

10. The Court hereby approves Plaintiff's Counsel's Fee and Expense Amount (in the sum of **$912,500**), which the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

11. The Court hereby approves Plaintiff's Service Award (in the sum of **$5,000**), in recognition of his participation and efforts in the prosecution of the Derivative Action, to be awarded from the Fee and Expense Amount. The Court finds that the Service Award is fair and reasonable.

12. No proceedings or Court order with respect to the Fee and Expense Amount shall in any way disturb or affect this Judgment (including precluding the Judgment from being Final or otherwise being entitled to preclusive effect), and any such proceedings or Court order shall be considered separate from this Judgment.

13. The Parties are hereby authorized, without further approval from the Court, to agree to adopt such amendments, modifications, and expansions of the Stipulation that are consistent with this Judgment and the Stipulation and that do not materially limit the rights of the Settling Parties or Redwire shareholders under the Stipulation.

14. Nothing in this Judgment shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

15. Neither this Order nor the Stipulation or their negotiation, nor any proceedings taken pursuant thereto shall be deemed or argued to be evidence of or to constitute an admission or concession by the Settling Defendants or the Company.

16. The Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar laws relating to the institution, prosecution, defense, or settlement of the Derivative Action.

17. In the event that the Settlement is terminated pursuant to the terms of the Stipulation or if any of the conditions in ¶ 7.1 of the Stipulation do not occur for any reason, then (i) the Settlement and the Stipulation shall be canceled and terminated; (ii) this Order and the Judgment and any related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc*; (iii) the release of the Released Claims provided for in this Order shall be null and void; (iv) the fact of the Settlement shall not be admissible in any proceeding before any court or tribunal; (v) all proceedings in, and parties to, the Action shall revert to their status immediately prior to the Settling Parties entry into the Stipulation, and no materials created by or received from another party that were used in, obtained during, or related to Settlement discussions shall be admissible for any purpose in any court or tribunal, or used, absent consent from the disclosing party, for any other purpose or in any other capacity, except to the extent that such materials are required to be produced during discovery in the Derivative Action or in any other litigation; and (vi) the Settling Parties shall proceed in all respects as if the Stipulation had not been entered into by the Settling Parties.

18. The Clerk of the Court is directed to enter this final judgment and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of August, 2026.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
Senior United States District Judge